A. SASHA FRID (State Bar No. 216800)
sfrid@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

JOHN S. WIRT (*Pro Hac Vice* Application Pending)
jwirt@wirtlawfirm.com
WIRT & WIRT, P.A.
3135 Bobby Jones Drive
Pace, Florida 32571
Telephone: (847) 323-4082
Facsimile: (314) 431-6920

Attorneys for Plaintiff
Hitz Entertainment Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HITZ ENTERTAINMENT CORPORATION, an Illinois corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHANE MOSLEY, an individual, and GO BOX PRODUCTIONS INC., a Nevada corporation,<br><br>　　　　Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[JURY TRIAL DEMANDED]** |

333424.2

Plaintiff Hitz Entertainment Corporation ("Plaintiff" or "HEC"), by and through its undersigned attorneys, brings this Complaint for damages against Defendants Shane Mosley ("Mosley") and GoBox Promotions Inc. ("GBP") for (i) tortious interference with contract; and (ii) tortious interference with prospective economic relations and in support thereof, Plaintiff alleges and states as follows:

## INTRODUCTION

1. This is an action seeking damages as a result of Mosley's and his company's, GBP's, tortious interference with HEC's exclusive promotional agreement with then undefeated cruiserweight boxer, Dimar Ortuz ("Ortuz"). Mosley was training Ortuz as part of a boxing reality TV show, "Knockout," and, in the course of this training, induced Ortuz, who Mosley and other representatives of GBP knew was under an exclusive promotional contract with HEC, to leave the Knockout TV show and participate, in violation of his promotional contract with HEC, in an undercard bout on a pay per view boxing event that GBP promoted on August 29, 2015 at the Forum Arena in Inglewood, California.

## THE PARTIES

2. HEC is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois. HEC is the leading boxing promotional company in the Chicago metropolitan area and has promoted boxing events at various venues in and around Chicagoland, such as the Horseshoe Casino, UIC Pavilion and Allstate Arena. HEC is solely owned by former heavyweight contender Bobby Hitz.

3. Mosley is a citizen of the United States and on information and belief resides in Pomona, California. Mosley is one of the most famous boxers of his generation, known in boxing circles as "Sugar" Shane Mosley. He is a former three weight world champion, having held the IBF lightweight title, the WBC and WBA (Super) welterweight titles, as well as the WBC, WBA (Super) and The Ring magazine light middleweight titles. In 2000 and 2001, he was named the pound for pound best fighter in the world by The Ring magazine.

4. GBP is a Nevada corporation and has its principal place of business in California[1]. GBP was organized in July 2015 and is a boxing promotional company and was the licensed promoter of the Shane Mosley vs. Ricardo Mayorga Pay Per View boxing event which took place on August 29, 2015 at the Forum Arena in Inglewood, California and which included Ortuz' undercard bout. GBP is wholly-owned by Mosley.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest and there is complete diversity jurisdiction between HEC, on the one hand, and Mosley and GBP (Mosley and GBP shall each be referred to herein individually as a "Defendant" and collectively as "Defendants"), on the other hand.

6. Venue lies in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this cause of action arose in this District.

---

[1] In Hitz Entertainment Corp. v. Mosley, et al., Case No. 16-cv-1199 (NDIL) (the "Illinois Lawsuit"), the Illinois District court dismissed the case, without prejudice, for lack of personal jurisdiction (ECF No. 52), necessitating Plaintiff's filing the instant complaint in this Court. In connection with the Illinois Lawsuit, Mosley filed a declaration averring that GBP's principal place of business is in Nevada (ECF No. 14-2, ¶13). Subsequently, however, the Defendants filed a motion seeking leave for Mosley to file an amended declaration averring that GBP's principal place of business is in California (ECF No. 40-2, ¶13). The Illinois District court, however, denied such motion and refused to permit Mosley to file his amended declaration, because, inter alia, the court did not accept that Mosley's original declaration was the result of an inadvertent error, but rather was improper forum shopping with respect to other litigation to which Mosley and his affiliated companies are parties (ECF No. 49).

# FACTUAL ALLEGATIONS

## A. Ortuz' Promotional Agreement with HEC

7. Ortuz is an undefeated 36 year old cruiserweight (200 lbs.) professional boxer with a record of 11-1-2 (8 KO's). Prior to the tortious interference by Defendants at issue in this lawsuit, all of Ortuz' bouts have taken place in the Chicago metropolitan area, except for a bout earlier in his career in Iowa.

8. HEC and Ortuz entered into that certain promotional agreement dated December 6, 2012, a true and correct copy of which is attached hereto as Exhibit A (the "Promotional Agreement").

9. Pursuant to Paragraph 1 of the Promotional Agreement, Ortuz granted to HEC "the sole and exclusive worldwide right to secure all professional boxing BOUTS requiring Boxer's [Ortuz] services as a professional boxer ("BOUTS") and to promote all such BOUTS during the term hereof."

10. Paragraph 3 of the Promotional Agreement provides for a minimum term of three (3) years.

11. On December 6, 2015, Ortuz publicly acknowledged that the Promotional Agreement was valid and subsisting through at least December 5, 2015 when he posted on his Facebook page the following statement, a true and correct copy of a screenshot thereof is set out below:



12. HEC does not agree with Ortuz' conclusion that the Promotional Agreement has expired and hereby contends and alleges that the Promotional Agreement is valid and subsisting and remains in full force and legal effect[2].

### B. Ortuz' Participation in the "Knockout" Reality TV Show and Mosley's and GBP's Interference

13. In the fall of 2014, Richard Glaser ("Glaser"), an agent for the producer of the 2015 season of the television show "Knockout" (the "Knockout Show") which was broadcast by NUVOtv (now known as Fuse TV) contacted Ortuz about Ortuz participating in the Knockout Show and learned that he was interested.

14. The Knockout Show is a boxing reality series where three legendary figures in boxing train nine pro boxers for a chance to become a top contender. One of the trainers for the 2015 Knockout Show was Mosley. Mosley was designated Ortuz's trainer for the 2015 Knockout Show.

15. Not long after Glaser contacted Ortuz, HEC learned about the interest in Ortuz for the 2015 Knockout series, and HEC contacted representatives of Steve Marcano Holdings ("SMH"), the producer of the Knockout Show, to notify them that HEC had an exclusive promotional agreement with Ortuz.

16. After HEC contacted SMH, SMH and HEC began negotiations for an agreement pursuant to which HEC would provide its consent to Ortuz' participation in the Knockout Show.

17. Prior to SMH finalizing a deal with HEC to provide its consent to Ortuz' participation, Mosley offered Ortuz a bout (the "August Bout") against Victor Barragan as part of a pay per view event being held on August 29, 2015 at

---

[2] There are various provisions in the Promotional Agreement providing for the extension or tolling of the term under certain circumstances (for example, if Ortuz became rated by a designated sanctioning organization (¶2), or challenged for or won a regional or world title (¶3), or if Ortuz became injured or temporarily retired (¶18), etc.). HEC contends that Ortuz was injured during the term which tolled the Promotional Agreement which is why it remains in full force and effect.

333424.2

5

COMPLAINT

the Forum Arena in Inglewood, California that Mosley was promoting through his company, GBP, which caused Ortuz to leave the Knockout Show to instead participate in the August Bout in violation of the Promotional Agreement.

18. On several occasions prior to the August Bout, Bobby Hitz, on behalf of HEC, notified Mosley and other representatives of GBP, both verbally and in writing, of the Promotional Agreement and demanded that they cease and desist from tortiously interfering with HEC's contractual rights with Ortuz.

19. Subsequent to the August Bout and again in violation of the Promotional Agreement, Mosley and GBP promoted Ortuz in another bout on May 28, 2016 (the "May 2016 Bout") against Ricardo Campillo which was on the undercard of another Mosley bout at the Gila River Arena, Glendale, Arizona. Ortuz won such bout by TKO in the sixth round.

20. On December 3, 2016, Ortuz participated in a bout (the "December 2016 Bout") against Robert Hall Jr. in Johnson City, Tennessee for the vacant Universal Boxing Federation (UBF) Inter-Continental cruiserweight title, the vacant WBC United States (USNBC) cruiserweight title, and the vacant Global Boxing Council Intercontinental cruiserweight title. On information and belief, GBP was a promoter of this bout, again in violation of the Promotional Agreement, and Mosley was identified in press reports as Ortuz' trainer and manager. Ortuz lost such bout by unanimous decision.

## CAUSES OF ACTION

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

## AGAINST DEFENDANTS MOSLEY AND GBP

21. HEC realleges and reincorporates by reference Paragraphs 1 through 20 as though fully set forth herein.

22. The Promotional Agreement is a valid and enforceable contract.

23. Mosley and GBP were aware of the Promotional Agreement and that HEC had the exclusive right to promote Ortuz' bouts.

24. Mosley and GBP intentionally and without justification induced Ortuz to breach the Promotional Agreement with HEC by, among other things, causing him to participate in the August Bout, the May 2016 Bout and the December 2016 Bout.

25. Mosley's and GBP's wrongful conduct caused Ortuz to breach the Promotional Agreement with HEC.

26. As a result of Ortuz' breach of the Promotional Agreement, HEC has suffered damages.

**WHEREFORE,** Plaintiff HEC respectfully requests that the Court enter judgment on Count I in its favor and against Defendants Mosley and GBP for the following:

(a) For general and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

(b) For punitive/exemplary damages for Mosley's and GBP's intentional and willful conduct;

(c) For all costs of suit;

(d) For post judgment interest at the maximum legal rate;

(e) For such other and further relief as deemed just and proper;

(f) For reasonable attorneys' fees; and

(g) Plaintiff hereby demands a jury trial.

## COUNT II

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS AGAINST DEFENDANTS MOSLEY AND GBP

27. HEC realleges and reincorporates by reference Paragraphs 1 through 26 as though fully set forth herein.

28. HEC had a reasonable expectation of having a continuing business relationship with Ortuz.

29. Mosley and GBP were aware of HEC's expectation of a continuing business relationship between HEC and Ortuz.

30. Mosley's and GBP's intentional and wrongful and unjustified interference prevented the continuation of HEC's business relationship with Ortuz.

31. As a result of Mosley's and GBP's intentional and wrongful interference, HEC has suffered damages.

**WHEREFORE,** Plaintiff HEC respectfully requests that the Court enter judgment on Count II in its favor and against Defendants Mosley and GBP for the following:

(a) For general and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

(b) For punitive/exemplary damages for Mosley's and GBP's intentional and willful conduct;

(c) For all costs of suit;

(d) For post judgment interest at the maximum legal rate;

(e) For such other and further relief as deemed just and proper;

(f) For reasonable attorneys' fees; and

(g) Plaintiff hereby demands a jury trial.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

| | |
|---|---|
| DATED: February 17, 2017 | MILLER BARONDESS, LLP<br>WIRT & WIRT, P.A.<br><br>By:     /s/ A. Sasha Frid<br>      A. SASHA FRID<br>      JOHN S. WIRT<br>      Attorneys for Plaintiff<br>      Hitz Entertainment Corporation |

333424.2

9

COMPLAINT